{¶ 25} As the majority has correctly pointed out, this Court's standard of review in this case is abuse of discretion. Additionally, as the majority has also correctly pointed out, the divorce decree in this case does not list cohabitation as a basis for termination of spousal support. The fact that Ms. Jeffery was living with and sharing expenses with another individual, therefore, be that individual male or female, was only relevant to the trial court's decision to the extent it affected her income or expenses.
 {¶ 26} The magistrate to whom Mr. Jeffery's motion was assigned heard evidence and issued an opinion analyzing the parties' then current situations and how those situations had changed since the original spousal support award. He noted that, at the time of the original award, Mr. Jeffery's annual income had been $38,911 and that, at the time of the hearing, it had been reduced by approximately $40 per week. This would mean that his annual income at the time of the modification hearing was approximately $36,831. *Page 14 
 {¶ 27} Ms. Jeffery's annual income at the time of the original spousal support award, not including spousal support, was $6,000. It remained the same at the time of the hearing.
 {¶ 28} At the time of the original award, Ms. Jeffery's projected monthly expenses had included an apartment rental expense of $450. At the time of the modification hearing, she did not have that expense, but was contributing $200 toward the mortgage payments on the house she was sharing. The total monthly expenses shown on her projected budget at the time of the original award were $1,664. The total monthly expenses shown on her projected budget at the time of the modification hearing were $1,657, a reduction of $7 per month.
 {¶ 29} The total monthly expenses shown on Mr. Jeffery's projected budget at the time of the original award were $1,773 per month. The total monthly expenses shown on his projected budget at the time of the modification hearing were $1,662, a reduction of $111.
 {¶ 30} The magistrate concluded:
 In reviewing the most recent evidence presented to this Court, the Magistrate would recommend there has been a change of circumstance that would warrant a modification. Although [Ms. Jeffery's] budget has stayed the same, her relationship with her live-in companion appears to be significant enough that it is no longer a temporary situation for her. This individual is contributing one half of [her] household expenses including the mortgage payment. The Magistrate feels this warrants a reduction of the spousal support to $600 per month. In making this recommendation, the Magistrate would point out significant weight was given to the parties' current budgets but slightly more weight was given to plaintiff's continuing *Page 15 
to reside with this other individual and having additional financial contributions made to her living expenses.
The trial court overruled the parties' objections and adopted the magistrate's decision.
 {¶ 31} The trial court's actions in this case were not "unreasonable, arbitrary or unconscionable." In fact, they are an example of a trial court properly exercising its discretion. Accordingly, I would affirm the trial court's judgment. *Page 1